[No. 2,560.]

PATTERSON C. LANDER v. MANUEL CASTRO, JUAN BAUTISTA CASTRO, JOSE FRANCISCO CASTRO, JOSE LEANDRO CASTRO, JEREMIAH CLARK, AND C. M. HITCHCOCK.

LIABILITY OF ATTORNEY IN FACT.—Where one, as the attorney in fact of another, executes a note binding the principal to pay money, the attorney in fact is not liable on the note, even if he had no authority from the pretended principal to make the note.

IDEM.—If such attorney in fact is liable, his obligation is created by the wrong he has done in procuring the money for which the note was given, by false representations, and thus committing a fraud, or perhaps the tort may be waived, and he be held as for money loaned.

CAL. REPS. XLIII—63

LEGAL INTEREST.—One who represents himself as the attorney in fact of another, and borrows money, and gives the lender the note of such other, as his attorney in fact, if liable at all, can be held for legal interest only, on the sum borrowed.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The plaintiff appealed. The note was for two thousand dollars, and bore interest at five per cent per month, interest payable at the end of every three months, and if not paid to be compounded, and bear the same rate of interest as the principal.

The other facts are stated in the opinion.

*John Currey*, for Appellant.

By the making and delivering of the note, and the execution and delivery of the mortgage, by Manuel, in the names of his brothers, Juan Bautista and José Francisco, having no authority from them to do so, he, the said Manuel, became himself bound on those instruments. (*Dusenbury* v. *Ellis*, 3 John. Cas. 70; *Palmer* v. *Stephens*, 1 Denio, 471; *Rossiter* v. *Rossiter*, 8 Wend. 494; *White* v. *Skinner*, 13 John. 307; Story on Agency, Sec. 264; *Smout* v. *Ilberry*, 10 *Mees.* v. *Welsby*, 1, 9, 10; Story's Agency, Sec. 264 a.)

The Massachusetts cases are not in conflict with the New York cases, as suggested in Note 2 to said Sec. 264 a. (See *Long* v. *Colburn*, 11 Mass. 97; *Ballou* v. *Talbot*, 16 Mass. 462; *Emerson* v. *The Providence Hat Manufacturing Cempany*, 12 Mass. 237.) Nor are the English cases (*Polhill* v. *Walker*, 3 Barn. and Adol. 114; 2 Smith's Leading Cases, pp. 223, 223 a; *Rogers* v. *Coit*, 6 Hill, 323; *Bank of S. C.* v. *Case*, 8 Barn. & Cress. 427; *Bank of Rochester* v. *Monteath*, 1 Denio, 402.)

*E. Cook* and *J. Clark*, for Respondents.

The note sued on is void, having never been executed by the persons purporting to be the makers of it, viz: J.

B. and J. F. Castro. Manuel Castro is not liable as the maker of that note, or in an action *upon it*, but only in an action upon the implied contract, growing out of his representations and his receipt of the two thousand dollars; which implied contract carried only statutory interest, and not the five per cent per month mentioned in the void written contract; and this liability was fully discharged by the payment of five thousand and sixty dollars, in July, 1864. (Story on Agreements, Sec. 264 a; *Long* v. *Colburn*, 11 Mass. 97; *Ballou* v. *Talbot*, 16 Mass. 461; *Hopkins* v. *Mehaffy*, 11 Serg. and R. 129; *Walker* v. *Bank of New York*, 13 Barb. 639; s. c., 9 New York, 583; *White* v. *Madison*, 26 New York, 117; *Collin* v. *Wright*, 7 E. and B. 301, 8 E. and B. 647; *Randall* v. *Trimin*, 18 C. B. 786; Smith's Leading Cases, vol. 2, p. 414; *Hall* v. *Crandall*, 29 Cal. 571; 1 Parsons on Contracts, p. 57, Note F; *Lewis* v. *Nicholson*, 12 id. 430; *Smout* v. *Ilhiny*, 10 M. and W. 1; *Palhill* v. *Walter*, 3 B. and Ad. 114; *Jenkins* v. *Hutchinson*, 13 Ad. and El. U. S. 744; *Jefts* v. *York*, 4 Cush. 371; s. c., 10 id. 392; *Abby* v. *Chase*, 6 id. 54; *Stetson* v. *Potter*, 2 Greenl. 359; *Bank* v. *Flanders*, 4 N. H. 239; *Woods* v. *Dennell*, 9 id. 55; *Johnson* v. *Smith*, 21 Conn. 627; *Ogden* v. *Raymond*, 22 id. 379; *Paylor* v. *Shelton*, 30 id. 122; 2 Smith's Leading Cases, 222.)

By the Court, RHODES, J.:

The promissory note and mortgage in suit purport to have been executed by Juan Bautista Castro and José Francisco Castro, by Manuel Castro, their attorney in fact. Both instruments bear date August 27th, 1860, and the money therein mentioned was payable twelve months after date. The action was brought August 26th, 1865, and the first amended complaint was filed January 2d, 1869. Manuel Castro was not made a defendant at the commencement of the action, but was brought in as a defendant by the first

amended complaint. In 1857, as the complaint shows, Manuel was the owner of the mortgaged premises, and during that year conveyed the same to Juan Bautista. He had no authority from Juan Bautista to make the note or execute the mortgage, but he held a power of attorney from José Francisco, authorizing him to execute the mortgage. It is alleged in the amended complaint that the money for which the note was given was loaned to Manuel for his sole use and benefit, and that at the time of the execution of the mortgage he owned the entire beneficial interest and estate in the premises, notwithstanding his conveyance of the legal title to Juan Bautista. After the execution and foreclosure of certain mortgages and the execution of certain conveyances, the legal title to the premises vested in defendant, Jeremiah Clarke; but it is alleged that he is chargeable with notice of the plaintiff's rights in the premises. The interest which accrued on the principal sum mentioned in the mortgage down to September 29th, 1860, was paid, and July 27th, 1864, the further sum of five thousand and sixty dollars was paid, and the balance remains unpaid. It is claimed by the plaintiff that the note was in truth the note of Manuel; that he borrowed the money for his own use, and that as he held the beneficial estate in the land, the mortgage is his mortgage, and that whatever interest or estate Clarke acquired in the premises, is subordinate and subject to the mortgage. Both Clarke and the Castros demurred to the complaint, on the ground that it did not state sufficient facts, and that the plaintiff's remedy was barred by the Statute of Limitations. The demurrer was sustained, and the plaintiff refusing to amend the complaint, judgment was rendered for the defendants.

As José Francisco held no interest in the mortgaged premises, and as it is not claimed that he is liable on the note, he may be dismissed from consideration; and as Juan Bautista is not liable for the money for which the note and mortgage

were given, and was divested of the legal title to the mortgaged premises before the commencement of the action, the case need not be further considered as to him. Upon the question, as to whether a person who executes a promissory note for another, but has no authority so to do, is himself liable as a maker of the note, the authorities are not entirely agreed. We do not propose at this time to reopen the discussion of the question, for after the ample consideration it has received at the hands of very eminent Judges, no new light could well be shed upon it; but we are content to follow the decision in *Hall* v. *Crandall*, 29 Cal. 568, which holds that where the note is, in terms, the note of the principal, and not that of the assumed agent, such agent is not liable on the note; but that if liable at all for the money mentioned in the note, his liability depends upon other grounds. Although the opinion, in that case, is very brief on that point, it was *well considered* and was rendered after a *full and careful review of the authorities.*

The liability of Manuel does not arise from any obligation created by the note itself, but from the wrong done in procuring the money from the plaintiff by means of his false representations as to his authority to borrow the money, give the note, and execute the mortgage for and on behalf of Juan Bautista; or perhaps the plaintiff may waive the tort, and hold Manuel responsible as for money loaned. But we need not discuss the question as to the ground of his liability, nor as to whether the plaintiff may, under the allegations of his complaint, rely upon either or both grounds for relief. It is alleged that Manuel procured the money from the plaintiff for his own use, and it is also alleged that "the interest on the principal sum mentioned in said mortgage has been paid down to the 27th day of September, 1860, and that the sum of five thousand and sixty dollars was also paid thereon July 27th, 1864, but that the balance remains wholly due and unpaid." It is not stated

by whom those payments were made, but from the allegations of the complaint it is the fair, and we think, inevitable inference that they were made by Manuel.

If he is liable under the averments of the complaint, as for money loaned, the extent of his liability is the amount loaned with legal interest thereon. As he has not contracted in writing to pay a higher rate of interest, he is liable only for the legal rate; and the payments alleged in the complaint satisfy the demand.

If the complaint is to be considered as stating a case for relief on the ground of fraud—the fraud consisting of the false representations by means of which the money was obtained—and treating the defendant Clarke, and those through whom he claims, as having purchased and taken their mortgages with notice, the result would be the same, for the measure of damages would be the sum obtained, with legal interest thereon.

Judgment affirmed.