[No. 12467. In Bank. — June 25, 1888.]

J. C. WALLACE, APPELLANT, v. F. BENTLEY ET AL., RESPONDENTS.

CONTRACT — AGENCY — LIABILITY OF AGENT — SPECIAL DAMAGES. — An agent is not liable as principal on a contract for the sale of land signed by him without authority, if the contract does not contain apt words to charge him personally. He is liable to an action to recover money paid, or for labor performed under the contract, or for special damages sustained by reason of the wrong in assuming to act without authority. But he is not liable for special damages by reason of false representations of authority, on account of which plaintiff failed to negotiate with the owner, or his authorized agent, to his loss in respect of the value of the contract.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*Byron Waters*, and *William G. Webb*, for Appellant.

*Curtis, Otis & Connor*, for Respondents.

SHARPSTEIN, J. — This appeal is from a judgment rendered in favor of the defendants, after sustaining their demurrer to the complaint of the plaintiff, and his failure to amend within the time granted for that purpose. The only question which we have to determine is: Does the complaint state facts sufficient to constitute a cause of action? That is the sole ground of the demurrer.

The complaint states that on the eighteenth day of March, 1887, one Swan Carlson was the owner of a certain tract of land in San Bernardino County, together with ten shares of stock of the Redlands Water Company, and that on that day the defendants represented to the plaintiff that they were the agents of said owner, authorized and empowered to sell said property for the sum of three thousand dollars, for which sum said owner was then offering to sell said property. Plaintiff was willing

and desirous of purchasing said property at that price, and relying on the represenations of the defendants, and having no knowledge of the truth or falsity of such representations, plaintiff accepted the offer of defendants, and paid them one hundred dollars as part of the purchase price of said property; at the same time taking from them an instrument in writing, of which the following is a copy:—

"SAN BERNARDINO, CAL., March 18, 1887.

"Received from J. C. Wallace the sum of one hundred dollars as first payment upon five acres in lot 8, block H, in Redlands, the purchase price of which is three thousand dollars, payable as follows: One third cash, less the above-mentioned one hundred dollars; the balance to be paid on or before two years, with interest at *ten per cent per annum*, on condition that an acceptable title and abstract be furnished.

"BENTLEY & JEFFREY,
Agents for S. Carlson."

The plaintiff, relying on the truth of the representations made by the defendants, did not seek to purchase said property from any other agents nor from the owner, though for two weeks afterward said property could have been bought for said above-mentioned sum from a duly authorized agent of said owner.

It is further alleged that all such representations of the defendants were false, and that they had no authority whatever from the owner of said property to sell or negotiate a sale of the same, or any part thereof. Plaintiff for the first time on April 8, 1887, discovered that such representations were false. That within three weeks after the eighteenth day of March, 1887, said property had become of the value of four thousand dollars, and is still of that value. That the owner refused to ratify the contract made between defendants and plaintiff, and about the first of April sold said property to some person other than plaintiff for the sum of four thousand dol-

lars. Plaintiff has at all times been ready and willing to comply with his part of the said contract made with defendants. That by reason of the false and fraudulent representations of defendants, plaintiff was prevented from purchasing said property, to his damage one thousand dollars, for which sum he demands judgment against defendants.

The theory of the pleader evidently was, that upon the facts alleged the liability of the defendants is the same as that of the owner of the property would be if he had authorized the defendants to sell the property, and then after they had sold it he had sold and conveyed it to some one else. Had that been the case, he, and not the defendants, would have been liable for the damages claimed in this case. But the owner is not liable on the contract, because the defendants had no authority from him to make it. The defendants are not liable unless the contract contains apt words to charge them personally. (*Hall* v. *Crandall,* 29 Cal. 567; 89 Am. Dec. 64; *Lander* v. *Castro,* 43 Cal. 497.)

If not liable upon the contract because they did not undertake to contract on their own behalf, the plaintiff's remedy against the defendants "is an action to recover the money, if any has been paid them, or the value of the work or labor, if any has been performed for him under the supposed contract, or special damages resulting to the plaintiff by reason of the defendants' wrong in undertaking to act for another without authority." (*Hall* v. *Crandall, supra.*) This action is not for the recovery of any money paid by the plaintiff to the defendants. And the only attempt to allege facts entitling the plaintiff to special damages is, that by reason of the representations of the defendants he was prevented from purchasing the premises. But the facts alleged do not constitute prevention. The plaintiff had the same right after negotiating with the defendants that he had before negotiating with them to negotiate with the owner of

the premises, or any authorized agent of his, for the purchase of the property. Plaintiff's failure to do so was not a necessary consequence of the defendants' representation that they had authority to act for the owner. That constituted no legal obstacle to his doing so. The facts alleged are not, in our opinion, sufficient to constitute a cause of action on any ground upon which actions are maintainable against persons falsely representing themselves as agents for others. That an action is maintainable against one who obtains anything of value by such false representation, we do not doubt. But this action is not for the recovery of anything obtained by defendants from plaintiff, but for profits which he might have made if the person for whom the defendants had assumed to act had performed the agreement which defendants without authority made in his name. To so hold would be to hold that defendants were liable on the contract, which would be contrary to the doctrine of all the decisions on the subject in this state.

Judgment affirmed.

SEARLS, C. J., McFARLAND, J., THORNTON, J., and PATERSON, J., concurred.