[No. 12763. In Bank. — November 16, 1888.]

M. S. SENTER ET AL., RESPONDENTS, *v.* WILLIAM N. MONROE, APPELLANT.

77  347<br>o129 523

AGENCY — LIABILITY FOR FALSELY REPRESENTING AUTHORITY TO SELL. — In an action by a vendee to a contract for the sale of land against an agent who had contracted to sell the same, for falsely representing that the parties for whom he had assumed to act were the owners of the land, and that he was their agent to sell, the measure of damages is the amount of the purchase price that the plaintiff had been induced to pay by reason of the false representations, with interest. In such an action, the complaint must allege that the plaintiff was ignorant of the facts as to the ownership of the land.

ID. — DISCLOSED AGENT NOT LIABLE ON CONTRACT MADE IN NAME OF PRINCIPAL. — One who without authority has assumed to act as the agent of another, and as such agent has entered into a contract in the name of his assumed principal for the sale of the property of the latter, cannot be held liable on the contract for damages for its breach.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*E. W. Little*, and *Williams & McKinley*, for Appellant.

*M. C. Hester*, for Respondents.

WORKS, J. — The complaint in this action avers, in substance, that the defendant represented to plaintiffs that E. F. Spence, J. F. Crank, and John D. Bicknell were the owners of certain real estate in the county of

Los Angeles, specifically describing it, and that he, defendant, was the agent of said parties, with full power to bargain, sell, and convey the same; that plaintiffs, relying upon said representations, bought from him said lands for the sum of $250, and then paid him on said purchase the sum of $62.50, and took from him his written obligation, as follows:—

"This is to witness, that I have this day sold to Mary Stanley Senter and Adelaide C. Stanley, that certain lot of land described as follows: Lot 18, block F, town of Monrovia, for the sum of $250, and received $62.50, this day paid to me on the purchase price thereof; the balance to be paid as follows: $187.50 on or before seventeenth day of June, 1887, and —— dollars on or before —— 18—. All deferred payments to bear interest at the rate of eight (8) per cent per annum from this date, interest payable annually, and if not so paid to be compounded with the principal; and to be evidenced by their promissory notes under the terms aforesaid, to be executed by said Mary Stanley Senter and Adelaide C. Stanley upon receiving an agreement from E. F. Spence, J. F. Crank, and John D. Bicknell to convey the said property. Deed to be executed when said purchase price, with all interest thereon, is fully paid.

"Dated seventeenth day of June, 1886.

[Signed]                    "W. N. MONROE, Agent."

That plaintiffs have been ready and willing to execute their notes for the deferred payments upon receiving the agreement mentioned in said written instrument, and to do and perform all and every other thing required of them by said written instrument; that they have not received said agreement from said Spence and others, or either of them, or from the defendant, although they have requested the defendant to deliver the same to them; that they tendered to the defendant the full amount of said purchase-money and interest as pro-

vided for in said writing, and demanded of him a deed, which he refused to give, and that he has ever since refused to receive said money or execute said deed; that said Spence and others had no title to said real estate, and defendant had no authority to act for them in the sale thereof; that between the time of entering into said contract, and the time fixed therein for making the last payment of the purchase-money, the land had largely increased in value and was reasonably worth three thousand dollars; that defendant knew that said parties had no title to said property, and that he had no authority to act as their agent in the sale thereof, and that plaintiffs had relied upon his statements to the contrary, but he had never informed them of the facts or offered to return them the money paid by them.

The complaint further alleges that "by reason of the said failure and refusal of the defendant *to cause the said lot of land to be conveyed to them,* they have sustained damages in the sum of three thousand dollars, which said sum is now due and wholly unpaid." The prayer is for "judgment for the sum of three thousand dollars, for their costs in this behalf, and for all proper relief." There was a demurrer to the complaint, which was overruled. The answer put in issue all of the material allegations of the complaint. There was a trial by jury, and verdict for plaintiffs for $1,019.53. A motion for a new trial was overruled, and defendant appeals.

The appellant contends that the court erred in overruling the demurrer to the complaint.

It is difficult to determine the ground upon which the plaintiffs seek to recover. The facts alleged tend to show an attempt to recover damages against defendant for falsely representing that the parties named were the owners of the land, and that he was their agent, thus inducing the plaintiffs to part with the sum of $62.50; but the damages alleged are *for a failure to cause a conveyance of the real estate,* and if the intention is to recover for the false repre-

sentations, the contract need not have been set out, and the allegation as to the value of the real estate would be immaterial. In that case, plaintiffs would only be entitled to recover the money paid by them to defendant, and interest. (*Hall* v. *Crandall*, 29 Cal. 568; 89 Am. Dec. 64; *Wallace* v. *Bentley*, 77 Cal. 19.) But whatever the intention of the pleader may have been, we must hold the complaint to be bad. If it seeks to recover for the false representations, it is not alleged in the complaint that the plaintiffs were ignorant of the facts as to the ownership of the property of the defendant, and no special damages are alleged which can be regarded as the result of the acts of the defendant. If we treat the complaint as one for damages for a breach of the contract, and we think it must be so treated, it is clearly insufficient. It alleges in express terms that the plaintiffs were not contracting for the title of the defendant in the land, but the title of Spence and others, through the defendant, their agent. The contract shows upon its face that the defendant was assuming to act as the agent of other parties, and if it did not, it is made to appear by the allegations of the complaint.

That an action on the contract for damages cannot be maintained under such circumstances, has been determined by this court. (*Wallace* v. *Bentley*, *supra*.) In that case, it is said: "The theory of the pleader evidently was, that, upon the facts alleged, the liability of the defendants is the same as that of the owner of the property would be if he had authorized the defendants to sell the property, and then, after he had sold it, he had sold and conveyed it to some one else. Had that been the case, he, and not the defendants, would have been liable for the damages claimed in this case. But the owner is not liable on the contract, because the defendants had no authority from him to make it. The defendants are not liable, unless the contract contains apt words to charge them personally. (*Hall* v. *Crandall*, 29 Cal. 568; 89

Am. Dec. 64; *Lander* v. *Castro*, 43 Cal. 497.) If not liable upon the contract because they did not undertake to contract on their own behalf, the plaintiff's remedy against the defendants is an action to recover the money, if any has been paid them, or the value of the work or labor, if any has been performed for him, under the supposed contract, or special damages resulting to the plaintiff by reason of the defendants' wrong in undertaking to act for another without authority. (*Hall* v. *Crandall, supra.*) This action is not for the recovery of any money paid by the plaintiff to the defendants; and the only attempt to allege facts entitling the plaintiff to special damages is, that by reason of the representations of the defendants, he was prevented from purchasing the premises."

In this case there is no allegation that the owner of the property was unknown, or that the property could not have been purchased for the price agreed to be paid defendant for it, or any state of facts set out showing, or tending to show, that the failure of defendant to convey the property did or could have resulted in damage to the plaintiffs.

The demurrer to the complaint should have been sustained.

Other questions are presented by the record, and argued in the briefs, but the conclusion we have reached renders it unnecessary that they should be considered.

The judgment and order denying a new trial are reversed, and the cause remanded.

SHARPSTEIN, J., McFARLAND, J., SEARLS, C. J., PATERSON, J., and THORNTON, J., concurred.