[Civ. No. 2742. First Appellate District, Division Two.—May 15, 1919.]

## M. S. KOHLBERG, Respondent, v. H. ROSCOE HAVENS, Appellant.

[1] LEASES — CLAUSE AGAINST SUBLETTING — EFFECT OF OMISSION FROM AGREEMENT.—The fact that an agreement for a lease does not contain a provision against subletting does not render it an incomplete agreement, nor affect its validity or sufficiency to create the relation of landlord and tenant.

[2] EVIDENCE — CONFLICT — PREPONDERANCE — PROVINCE OF APPELLATE COURT.—The appellate court is not concerned with what it may

believe is a preponderance of the evidence. It may go no further in its examination of the evidence than is necessary to determine that a substantial conflict exists.

[3] WARRANTY OF AUTHORITY—ASSUMING TO ACT FOR ANOTHER—EFFECT.—One who assumes to act for a given company in securing the services of another thereby warrants his authority to act as such agent.

[4] ID.—ACTION FOR BREACH—MEASURE OF DAMAGES.—In an action for damages for breach of a warranty of authority, the plaintiff is entitled to recover from the defendant the amount he would have been entitled to recover from the principal had the defendant been the authorized representative of the latter.

[5] ID.—RIGHT OF PLAINTIFF TO INTEREST.—In such an action, the plaintiff is entitled to recover interest upon the amount due from the time it became due and payable.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Donahue, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. M. Abbott, Wm. M. Cannon and Kingsley Cannon for Appellant.

Wise & O'Connor and Goldman & Altman for Respondent.

LANGDON, P. J.—This is an appeal from a judgment for the plaintiff in a suit to recover damages from the defendant on account of breach of warranty of authority to act as agent. The facts pertinent to a discussion of appellant's contentions are that the plaintiff and H. Roscoe Havens, president of the M. H. Blake Estate Company, entered into a contract some time in April, 1910, whereby the plaintiff was to perform certain services, for which the Estate Company was to pay two thousand five hundred dollars. Later, when plaintiff sued the Estate Company for payment of this amount, the Estate Company denied the authority of the defendant to act as its agent in making said contract, and the plaintiff was nonsuited. He then brought the present action against the defendant for breach of warranty of authority. The exact nature of the services to be rendered by the plaintiff is the subject of dispute.

3. Personal liability to other contracting party of one who, without authority, assumes to contract as agent for another, notes, Ann. Cas. 1915D, 722; 34 L. R. A. (N. S.) 518.

The plaintiff claims that he was to secure the signature of Hale Brothers to a certain agreement in writing, which is set out in the findings, and which is an offer to lease to Hale Brothers certain real property belonging to the Estate Company, and particularly described therein, at a specified monthly rental, with an agreement on the part of the Estate Company to place improvements of the value of twenty thousand dollars upon the property, and also embodying other details relating to the respective obligations and rights of the parties. The defendant contends that the contract was that the plaintiff should not only secure the signature of Hale Brothers to this agreement, but should also secure their acceptance of another condition, which was not embodied in the written agreement, to the effect that Hale Brothers should occupy the leased premises, or a substantial part thereof, with their own business, and that this latter portion of his contract plaintiff failed to perform. The finding on this point is in favor of the plaintiff, and supports the judgment, and it is this finding which is a special subject of attack by the appellant. [1] Appellant contends that the agreement which Hale Brothers signed was an incomplete agreement and that their acceptance was never secured to a complete agreement for a lease. We think the agreement to which the plaintiff procured the assent of Hale Brothers is in all respects a complete agreement for a lease. It embodies all necessary terms of a lease, and was apparently satisfactory to the Estate Company, except, that it contained no provision against subletting. It is not sufficient to say it might have contained a covenant against subletting or other conditions; the other conditions it might have contained are limitless, but this does not affect its validity or sufficiency to create the relation of landlord and tenant as between the Estate Company and Hale Brothers.

Appellant points out certain contradictions in the testimony of the plaintiff and wishes this court to decide that, because of these contradictions, his testimony in support of the facts found is without weight and insufficient to justify the finding. [2] This court is not concerned with what it may believe is a preponderance of the evidence. We may go no further in our examination of the evidence than is necessary to determine that a substantial conflict exists. In the present case there appears to be some contradiction be-

tween the testimony of the plaintiff given in his action against the Estate Company (which was considered in evidence in the present action by stipulation of the parties) and his testimony given in the present action. It appears that the testimony in the second action was given about four years after the transactions in question occurred; that the dealings between plaintiff and defendant upon which the action is based included negotiations covering a period of about a week or more; that there were several conversations between the parties at which numerous details were discussed, and it would seem quite natural if some of the details of these conversations had escaped the memory of the plaintiff after a period of several years. Under the circumstances, if some contradictions and inconsistencies appear in his testimony, we think these should not have the effect of nullifying his entire testimony. The trial court had before it all the inconsistencies and conflicts in the testimony, and we will presume that they were weighed against the plaintiff in considering the evidence as a whole and arriving at the finding concerning the terms of the contract between plaintiff and the defendant as president of the Estate Company. We cannot disturb this finding.

The action in the present case is founded upon section 2342 of the Civil Code, and the objections made by the appellant as to the existence of the liability on the part of defendant under the findings made seem to us to be without merit. This section defines a warranty of authority by saying that one who assumes to act as an agent thereby warrants to all who deal with him in that capacity that he has the authority which he assumes. [3] In the present case the defendant assumed to act for the Estate Company in securing the services of the plaintiff, and that in itself constitutes a warranty of his authority to act as such agent. The action is not to hold the defendant as a principal under the contract, and the case does not come within the provisions of section 2343 of the Civil Code, and, therefore, much of appellant's argument is misdirected.

[4] The only other point which remains to be considered is the question of damages. These are defined by section 3318 of the Civil Code to be the amount which could have been recovered and collected from his principal if the warranty had been complied with and the reasonable ex-

penses of legal proceedings taken in good faith to enforce the act of the agent against his principal. The court having found that the plaintiff fully performed his part of the contract which was entered into between him and the defendant as president of the Estate Company, the plaintiff would have been entitled to recover his compensation under the contract from the Estate Company had the president of that company been authorized to act for the company in making the contract. This, then, would seem to be the amount which he is entitled to recover from the defendant. Appellant contends that the action of the trial court in allowing interest upon the amount recovered from the time that the agreement was signed by Hale Brothers was improper because, as he contends, the damages were unliquidated. [5] The trial court having found that the service to be performed by plaintiff was to secure the signature of Hale Brothers to the contract set out in the findings, and having found that the plaintiff performed this service, the plaintiff would have been entitled to a definite and fixed compensation at that time from the Estate Company had its president been authorized by it to act in this matter. The agent not having been authorized, he became responsible at the same time for said fixed and certain amount by reason of the breach of warranty of authority. Under section 3287 of the Civil Code, which provides that every person entitled to recover damages certain or capable of being made certain by calculation is entitled to interest thereon from the time the right of recovery is vested in him, we think the judgment of the trial court allowing interest upon the amount due from the time it became due and payable is a proper judgment.

Judgment affirmed.

Brittain, J., and Haven, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 13, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 14, 1919.

All the Justices concurred, except Melvin, J., and Olney, J., who were absent.