[Civ. No. 3334. First Appellate District, Division One.—July 20, 1920.]

## C. C. BORTON, Respondent, v. J. J. BARNES, Appellant.

[1] BROKER'S COMMISSIONS—UNAUTHORIZED CONTRACT BY CORPORATION OFFICER—PERSONAL LIABILITY.—Where an officer of a corporation assumes to act for the corporation and enters into a written agreement, in the name of the corporation, employing a real estate broker to sell certain real property of the corporation, knowing he has not the authority to do so, such real estate broker has the right to recover from such officer the reasonable value of the services he performs under the contract, if otherwise entitled thereto, in the same manner as he could were such officer the real principal in the transaction.

[2] ID.—PRESENTATION OF OFFER—FAILURE TO OBJECT—LIABILITY FOR COMMISSIONS.—Such real estate broker having presented to such officer a written offer to purchase for the amount specified, accompanied by a deposit on account of the purchase price, and no objection of any kind having been made, such officer having accepted the offer as full performance, by plaintiff, of his contract, and assured the broker that he had earned, and would be paid, the agreed commission, it became a binding obligation and neither the corporation nor such officer could defend against the broker's claim for the agreed commission upon the ground that he had not produced a purchaser ready and willing to enter into a binding contract on the terms and conditions authorized by his contract of employment.

[3] ID.—REASON FOR CONDUCT—RIGHT TO CHANGE AFTER LITIGATION BEGUN.—Where a party gives a reason for his conduct as to anything involved in a controversy, he cannot, after litigation has been begun, change his ground and put his conduct upon another and different consideration.

APPEAL from a judgment of the Superior Court of Alameda County. Joseph S. Koford, Judge. Affirmed.

The facts are stated in the opinion of the court.

Chas. C. Boynton for Appellant.

Dunn, White & Aiken for Respondent.

1. Liability of officer of corporation for corporate contract other than negotiable paper, notes, 48 Am. St. Rep. 913; Ann. Cas. 1913B, 902.

WASTE, P. J.—The plaintiff seeks in this action to recover from the defendant the reasonable value of his services alleged to have been rendered under a written contract, entered into by the defendant, in the name of the J. D. Barnes Co., Inc. It is the theory of the plaintiff that the defendant assumed to act as an agent of the corporation, and entered into the contract in its name without believing, in good faith, that he had authority to do so, thereby rendering him liable to the plaintiff, as a principal, for his acts in connection with the transaction. Plaintiff recovered judgment and the defendant appeals.

The plaintiff is a realty broker and the defendant is the secretary and general manager of the J. D. Barnes Company, Inc., a corporation. Purporting to act in such·capacity, the defendant as such secretary, in the name of the corporation, executed and delivered to the plaintiff a written agreement, authorizing and employing the plaintiff to sell certain real property belonging to the corporation, for the sum of ninety thousand dollars, subject to a commission of five per cent. Relying upon the representations of the defendant that he had authority to make the agreement, plaintiff found a purchaser ready, able, and willing to buy the land of the corporation, at the price designated in the contract. Plaintiff received from him a written offer to make such purchase and a deposit of five hundred dollars, both of which he tendered to the defendant and the corporation. No objection of any kind was made. The defendant accepted the offer as full performance, by plaintiff, of his contract, and assured the plaintiff that he had earned, and would be paid, the commission of four thousand five hundred dollars. He promised to at once call a meeting of the stockholders of the corporation and have the sale ratified. The defendant had no authority to enter into the contract, and the corporation disavowed and repudiated the transaction and refused to be bound by the agreement. The court found that the defendant entered into, and induced the plaintiff to enter into, the contract, without believing in good faith, at any time, that he had authority from the corporation to make the agreement, and knowing that the corporation had not authorized its execution. Judgment was entered in plaintiff's favor for the sum of four thousand five hundred dollars, the full amount of the specified commission.

The appellant contended in the lower court, and with equal energy urges here, that the action, as tried, is one to recover real estate commissions alleged to be due from the defendant J. J. Barnes, and that no cause of action was stated, or proved, for the reason that the contract does not contain apt words to charge him personally. Appellant has mistaken the nature of plaintiff's cause of action. The complaint was in three counts. At the trial the plaintiff waived the second and third causes of action, and we are only concerned with the averments in the first count, and the findings made in response to the issues thereby created. In addition to setting forth the facts, which we have only briefly summarized, it is alleged, and the lower court found, that in all matters connected with the carrying out of the said contract, the defendant assumed, stated, represented, and warranted to plaintiff that he had authority, as agent of the corporation, J. D. Barnes Co., Inc., to act for it, and by such assumption, warranty, and statements led the plaintiff to, and he did, carry out the terms of the contract. It is further alleged and found that the defendant negotiated the contract, and induced the plaintiff to enter into it, without believing in good faith that he had authority from the corporation to do so. The prayer of the complaint is to recover the sum of four thousand five hundred dollars, the amount of the commission which would have been earned by the plaintiff had the sale been consummated, and which is averred to be the reasonable value of the expense necessarily incurred, and the reasonable value of the time and effort expended by plaintiff in carrying out the contract.

Appellant's position finds apparent support in a number of cases cited by him. The legislature of this state, however, upon the adoption of the codes, which took effect January 1, 1873, held to an entirely different view. It is now the statutory law of this jurisdiction that "one who assumes to act as an agent thereby warrants, to all who deal with him in that capacity, that he has the authority which he assumes" (Civ. Code, sec. 2342), and is responsible to third persons, as a principal, for his acts in the course of his agency, when he enters into a written contract in the name of his principal, without believing, in good faith, that he has authority to do so. · (Civ. Code, sec. 2343.). The detriment, caused by the breach of such warranty, is deemed

to be the amount which could have been recovered and collected from the principal, if the warranty had been complied with, and the reasonable expenses of legal proceedings taken, in good faith, to enforce the act of the agent against the principal. (Civ. Code, sec. 3318.) The cases relied upon by the appellant as holding to a contrary doctrine, to that established by the code sections, must be viewed in the light of the foregoing provisions, and in some instances may be distinguished on the facts.

*Hall* v. *Crandall,* 29 Cal. 568, [89 Am. Dec. 64], was decided in 1866. It merely adhered to the rule that at common law the officers of a corporation are not personally liable on a promissory note of the corporation, made by them as such officers, in which the promise to pay is made by the corporation, and not by the officers personally. In its discussion, the court said: "Upon the question whether the plaintiff can make a case which will charge the defendants at common law, we intimate no opinion. The law as to when an agent who acts without authority renders himself personally liable is not in all respects fully settled, as will be seen by a reference to the authorities cited above; and it would be but idle speculation to discuss a case of which the special facts are not before us. We merely hold that they are not liable at common law upon the note as contracting parties, which is the attitude in which they are now before us." *Lander* v. *Castro,* 43 Cal. 497, was also decided before the code sections took effect. The court there held that an attorney in fact, who executed a note binding his principal to pay money, was not liable on the note, if he had no authority from the pretended principal, but said that "if liable at all for the money mentioned in the note, his liability depends upon other grounds." These two cases were followed in *Wallace* v. *Bentley,* 77 Cal. 19, [11 Am. St. Rep. 231, 18 Pac. 788], and *Senter* v. *Monroe,* 77 Cal. 347, [19 Pac. 580], and were referred to in *Melone* v. *Ruffino,* 129 Cal. 514, 523, [79 Am. St. Rep. 127, 62 Pac. 93], all decided after the enactment of the code sections. In each of the decisions cited from 77 California Reports, wherein it was held that the defendants were not liable because the contracts did not contain apt words to charge them personally, it was distinctly stated that the plaintiff's remedy in such cases is an action to recover the money paid, or the value of the work, or labor,

if any, performed for the defendant under the supposed contract, or special damages resulting to the plaintiff by reason of the defendant's wrong in undertaking to act for another without authority. In *Melone* v. *Ruffino,* 129 Cal. 514, [79 Am. St. Rep. 127, 62 Pac. 93] it was held that the plaintiff might recover a deposit, on sale of real estate, from an administrator of an estate who made himself personally liable for its return.

However unsettled the law, as to when an agent, who acts without authority, renders himself personally liable, may have been when *Hall* v. *Crandall* and *Lander* v. *Castro* were decided, it became settled law in this state when the legislature enacted the Civil Code. In fact, it seems to have been the intention of the framers of the sections in question to set the matter at rest in this jurisdiction. That such was the objective of the code commissioners seems apparent from their comment on the section, as has been pointed out by the authors of the notes to the same section in Deering's and in Pomeroy's Annotated Civil Code of California. In enacting the sections the code commissioners and the legislature adopted the rule of liability enumerated in the early New York decisions, which was later embodied in the form of a proposed statute by the Field code commission of that state. The identical statute was enacted, and is in force in North Dakota. It was decided by the supreme court of that state that under the statute it does not admit of doubt that a party in the position of the plaintiff here has a cause of action against the defendant, upon the contract as a principal, for the section quoted declares in express language that "one who enters into a written contract in the name of his principal without believing in good faith that he has the authority to do so"—and that is this case—"is responsible to third persons as a principal." (*Kennedy* v. *Stonehouse,* 13 N. D. 232, 241, [3 Ann. Cas. 217, 100 N. W. 258, 260].) So far as we have been able to discover the above code sections have been called to the attention of an appellate court of this state but once since their enactment, and that in a very recent case. (*Kohlberg* v. *Havens,* 41 Cal. App. 222, 225, [182 Pac. 467, 468].) In that case the president of a corporation procured the services of the plaintiff in obtaining a satisfactory lease of a part of the corporation's realty. When the plaintiff sued the estate company

for payment for his services, it denied the authority of the president to act as its agent in making the contract and the plaintiff was nonsuited. He then brought an action against the president of the corporation, personally, for breach of warranty of authority. The contract of employment was not in writing and the court held the action one properly founded upon section 2342 of the Civil Code, the amount of the recovery being determined by section 3318 of the same code. In the present case the defendant assumed to act for J. D. Barnes Co., Inc., in securing the services of the plaintiff, and that in itself constituted a warranty of his authority to act as such agent. (*Kohlberg* v. *Havens, supra.*) [1] He went further, and entered into a written contract in the name of his principal, knowing he had no authority to do so, which rendered him responsible to the plaintiff as a principal for his acts in the course of his agency. (Civ. Code, sec. 2343; *Kennedy* v. *Stonehouse, supra.*) Plaintiff therefore has the right to recover from the defendant the reasonable value of the services he performed under the contract, if otherwise entitled thereto, in the same manner as he could have done had the defendant been the real principal in the transaction.

By the terms of the contract entered into by the defendant the plaintiff was authorized to sell certain "waterfront property bounded by Oakland Estuary on the north, by Clement Street on the south, by Grand Street on the west, and by Chestnut Street on the east, and consisting of about eighteen (18) acres, located in Alameda, Alameda County, California," for ninety thousand dollars, upon terms, with interest on the deferred payments. Thirty days was allowed for search of title and for clearing the same of defects. The offer of plaintiff's purchaser is for property "Bounded on the south by Clement Street; on the west by Grand Street; on the east by Chestnut Street and on the north by the United States bulkhead line; excepting the block known as Block 64, now used by the Pacific Gas and Electric Company; it being understood that said property to be purchased contains eighteen (18) acres and that I shall receive from the present owner all his right, title and interest if any, to property lying between the United States bulkhead line and the pierhead line in Oakland Estuary" upon the terms and conditions specified in the purported authoriza-

tion of sale, with the proviso that "in the event that said title be found, within said time, not to be merchantable, or if said property is found to be deficient in acreage, then I may, at my option, terminate this contract of purchase and all payments made hereunder shall be immediately returned to me."

[2] Appellant's contention is that the plaintiff has not alleged and proved that he secured a purchaser ready and willing to enter into a binding contract on the terms and conditions authorized by his employment. We do not need to analyze the authorization, and the offer of acceptance, in order to ascertain if appellant's construction of the two instruments is sound. Assuming the fact to be as appellant contends, as a matter of abstract law, his contention is so far correct, but the advantage thus gained by him was lost when he failed to make any objection to the offer, on the part of the purchaser, at the time it was presented by the plaintiff. It was pleaded, and the lower court found, that the plaintiff produced a purchaser ready, able, and willing to purchase the land at the price set forth in the contract. This finding appears unchallenged.

Assuming, therefore, that the defendant, as the secretary and manager of the corporation, in the first instance, had the authority to enter into the contract with the plaintiff for the payment of the commission upon effecting a sale of the corporation's property, it may also be assumed that he would have the authority to accept or reject the offer of the intending purchaser when it was presented by the plaintiff. The offer being presented, a cause of action would at once arise in favor of the plaintiff and against the corporation for the amount of his agreed compensation. Consequently, when neither the corporation nor the defendant rejected the offer for the purchase of the property, upon the ground that it was not in accordance with the original contract for making the sale, it became a binding obligation upon the corporation, and it could not defend against plaintiff's claim upon the ground that he had not produced a purchaser ready and willing to enter into a binding contract on the terms and conditions authorized by his employment. Where property is sold by a broker "to a purchaser able, ready and willing to take and pay for the property, and any of the terms of

the contract as to payment, or the abstract or deed are unsatisfactory to the intending vendor, the latter should object to them on that ground and not refuse absolutely to sell; and . . . where he fails to make such objection under such circumstances, he will be held liable to the broker negotiating the sale for his commissions if he refuses to accept the purchaser.'' (*California Land Security Co.* v. *Ritchie et al.,* 40 Cal. App. 246, 253, [180 Pac. 625, 628] ; *Fiske* v. *Soule,* 87 Cal. 313, 321, [25 Pac. 430] ; *Smiley* v. *Read,* 163 Cal. 644, 647, [126 Pac. 486].)

The defendant in this case is in no better position than is the purported principal. Consequently, when the cause of action arose in plaintiff's favor against him, by reason of his deceit in securing plaintiff to enter into the contract, he is as much estopped in the premises as his principal would have been. He did not refuse to consummate the sale upon the ground that some of the terms of the offer were unsatisfactory. On the contrary, he made no objection to it, and accepted the offer from the plaintiff as full performance of his part of the contract. His explanation of his attitude in that regard is that he did not learn until some time later that the offer did not measure up to the contract he had entered into, in the name of the company, with plaintiff. Even if that be so, he did not then communicate any objection to plaintiff or to the purchaser. The offer was finally rejected upon the ground that the Barnes Company declined to consider it. This being the case, defendant should not be allowed to offer as an excuse for not complying with his contract, and as a defense to this action, the alleged unsatisfactory terms of the offer to purchase, accepted from the plaintiff. **[3]** Where a party gives a reason for his conduct as to anything involved in a controversy, he cannot, after litigation has been begun, change his ground and put his conduct upon another and different consideration. (*Fiske* v. *Soule, supra; Montgomery* v. *De Picot,* 153 Cal. 509, 515, [126 Am. St. Rep. 84, 96 Pac. 305].)

The judgment is affirmed.

Richards, J., and Welch, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 18, 1920, and a petition

to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 16, 1920.

All the Justices concurred.