A. F. GROELTZ, Appellant, v. NEWTON G. ARMSTRONG.

**Pleadings:** VARIANCE. Where a petition alleged that the contract sued on bound the defendant individually, but the proof showed that

defendant purported to represent a corporation of which he was president, no recovery could be had.

**Personal liability of agent.** An agent purporting to act for and bind another, who has no authority so to do, becomes personally liable for any damage resulting thereby to the other party for his misrepresentations, even though his express or implied representations were not intentionally false, and this principal is applicable to officers of corporations acting in excess of authority.

**Agency:** REPRESENTATIONS: QUESTION OF FACT. In an action by a broker to recover commission for the sale of land belonging to a corporation of which defendant was president, the evidence is considered and held to present a question for the jury as to whether defendant induced plaintiff to believe that he had authority to bind the corporation, and did bind it to pay a commission and to refund earnest money paid by plaintiff on his own option contract.

**Statute of frauds.** Where an officer purported to act for a corporation, his agreement to repay money advanced on an option contract was not an agreement to answer for the debt or default of another, thus relieving him of a personal liability.

**Knowledge of corporate officer's power.** One dealing with an officer of a corporation in a matter concerning which the corporation had power to act, is not bound to know the limit of the officer's authority.

**Misrepresentations:** SPECIAL DAMAGES. Special damages caused by the misrepresentations of an agent may be recovered, and in the absence of objection they may be pleaded in a separate count of the petition.

*Appeal from Benton District Court.*— HON. GEO. W. BURNHAM, Judge.

WEDNESDAY, APRIL 6, 1904.

ACTION to recover commission for sale of real estate. Directed verdict for defendant, and from judgment thereon plaintiff appeals.— *Reversed.*

*Jamison & Smyth,* for appellant.

*Heins & Heins,* for appellee.

McCLAIN, J.— The plaintiff, purporting to act as agent for the Armstrong Real Estate Company, of which corporation defendant was the president, effected the sale of certain real estate belonging to the corporation. The arrangement under which he made the sale was entered into with defendant, either as president of the corporation or as an individual. In a former action brought by this plaintiff against the corporation to recover a commission, it was finally determined that the corporation was not liable, inasmuch as this defendant had no authority to enter into a contract in behalf of the corporation with this plaintiff for the payment of a commission. See *Groeltz v. Armstrong Co.*, 115 Iowa, 602.

In this action plaintiff seeks to recover his commission from the defendant individually. In the first count of his petition, plaintiff relies upon an alleged contract by which 1. PLEADINGS: the defendant bound himself personally for variance. such commission. But an examination of the evidence, as presented in the record, satisfies us that the defendant did not, in his negotiations with plaintiff, purport to bind himself individually, and we reach the conclusion that as to the first count a verdict was properly directed for the defendant.

But in the second count of the petition, plaintiff alleges that the defendant, as president of the corporation, assumed full power and authority to enter into a contract with the 2. PERSONAL plaintiff for the sale of said real estate on be-LIABILITY OF AGENT. half of the corporation, and that, believing the defendant to have full power and authority to bind such corporation, and without knowledge to the contrary, the plaintiff entered into the contract with defendant, as representing the corporation, and, with the approval of defendant, assuming to act for the corporation, plaintiff effected the sale; and he now claims that, as the defendant had no power to bind the corporation by such contract of agency, he became individually liable to the plaintiff. It is well settled that an agent purporting to act for and bind a principal whom he

has no authority to bind, and who does not thereby become bound, is liable, not on the contract which he attempts to make, but for breach of implied warranty, or in tort, to the extent of any damages resulting to the other party from his misrepresentation of authority. *White v. Madison,* 26 N. Y. 117, 123; *Wallace v. Bentley,* 77 Cal. 19 (18 Pac. Rep. 788, 11 Am. St. Rep. 231); *Thilmany v. Iowa Paper Bag Co.,* 108 Iowa, 357. In order to establish the individual liability of the person thus purporting to act as agent, it is not essential to show that his express or implied representations as to authority were intentionally false. If one who in fact has no authority to represent another as principal assumes to make a binding contract as agent in behalf of such principal with another, who is not charged with knowledge of such want of authority, he renders himself liable in damages to the other party to the assumed contract. *Trust Co. v. Floyd,* 47 Ohio St. 525 (26 N. E. Rep. 110); *Newport v. Smith,* 61 Minn. 277 (63 N. W. Rep. 734) *Gillaspie v. Wesson,* 7 Port. 454 (31 Am. Dec. 715). And this principle is applicable to officers of corporations acting in excess of their authority. *Franklin v. Johnson,* 147 Ill. 520 (35 N. E. Rep. 480, 37 Am. St. Rep. 234); *Mott v. Hicks,* 1 Cow. 513 (13 Am. Dec. 550).

There is no substantial disagreement between counsel as to these propositions of law, but it has been necessary to state them in order that we may reach a satisfactory conclusion with reference to the facts as shown by the record, about which there is some dispute. It appears without question, however, that plaintiff did arrange with defendant, acting as president of the corporation, to make a sale of the real estate to a prospective purchaser, and that he did effect such sale in pursuance of this arrangement. It appears that plaintiff already held, in his own name and right, an option for the purchase of the same property, which had not expired when the negotiations with plaintiff, finally resulting in a sale to

3. AGENCY: representations; question of fact.

another purchaser, were instituted.   Plaintiff's testimony is that he agreed with defendant to surrender his option and act as agent for the corporation in effecting the sale for a commission of $500, or $600 if the directors of the corporation would agree to pay that amount, with an incidental agreement that $25 which had been paid to the corporation in order to secure the option should be returned.   He testified that defendant assured him that he had authority to contract for a commission of $500, but could not bind the corporation to pay $600 without further consultation with the directors.   This version of the transaction is supported by the testimony of another witness who was present at the negotiations.   The testimony of the defendant tended, perhaps, to show that he regarded the negotiations as in furtherance of a sale under plaintiff's option, and that his representations with reference to a commission of $500 had reference to a commission which was to be paid to another agent in the event that a sale under the option should be consummated.   In view of this conflict in the evidence, we have no hesitation in reaching the conclusion that the case should have been submitted to the jury on the second count in order to have a determination of the question, whether defendant induced plaintiff to believe that he had authority to bind the corporation, and did attempt to bind it, by a contract to pay plaintiff a commission, and to return the $25 which had already been paid to the corporation by plaintiff under his option contract.

With reference to this $25 it is urged by counsel for the appellee that any agreement of defendant to repay was an agreement to answer for the debt or default of another, and was therefore within the statute of frauds; but if defendant purported to act for the corporation in making such agreement, his liability therefor would be the same as his liability with reference to the commission.   In the view which we take of the case as made under the second count of the petition, the contention that

4. STATUTE OF FRAUDS.

plaintiff having an option could not, as agent, act for the corporation in making a sale to another, is without merit. Had the defendant been authorized by the corporation to enter into such an arrangement, he could, of course, have agreed to the termination of the option and the creation of an agency.

Counsel for appellee contend that plaintiff was bound to know the limits of defendant's authority to represent the corporation, and that therefore he cannot hold the defendant 5. KNOWLEDGE OF personally liable for any damages resulting to CORPORATE OFFICER'S him by reason of mistake with reference POWER. thereto; and they thus seek to bring the case within an exception to the rule of the agent's personal liability where he acts in excess of his authority which is recognized in *Thilmany v. Iowa Paper Bag Company, supra.* But it is to be noticed that the present case is not one where the agent or officer attempts to make a contract for a corporation which the corporation has no authority to make, the want of corporate authority being as well known to the one party as to the other. The corporation did have the authority to convey this real estate, and to make a contract to pay a commission to an agent for its sale, and it did have authority to delegate to its president the power to contract for the payment of such commission. According to his version of the case, plaintiff was misled by defendant into the belief that the corporation had given such authority to him. Whether or not such authority had been given was a fact as to which defendant had knowledge not available to plaintiff. Counsel argue that the articles of incorporation were of record, and that plaintiff might have advised himself as to defendant's authority, but this view ignores the fact that, even under the articles, the board of directors of the corporation might authorize the defendant to contract, and that plaintiff had no means of knowing whether such authority had been given or not. Certainly it is not true that plaintiff was bound to know, at his peril, whether such authority had been con-

ferred by the directors. The records of the action of cor-
porate boards of directors are not open to public inspection,
and plaintiff had the right to rely upon defendant's repre-
sentations, express or implied, as to the extent of the au-
thority which had been conferred upon him. *Taylor v. Nos-
trand,* 134 N. Y. 108 (31 N. E. Rep. 246).

In the third count of the petition it is alleged that, in
reliance on defendant's representations as to his authority
to make the contract on behalf of the corporation to pay a
6. MISREPRE-   commission, plaintiff brought the former suit
SENTATIONS:
special       against the corporation to recover such com-
damages.
mission, and, on the failure of such suit, was compelled to
pay the costs of that action, which he seeks to recover from
the defendant by way of special damages. A demurrer to
this count of the petition was sustained. In this ruling we
think the trial court erred. That such special damages
resulting from misrepresentations by an agent as to the ex-
tent of his authority may be recovered, seems to be well
settled. Sedgwick on Damages (8th Ed.) section 240; 8
Am. & Eng. Enc. (2 Ed.) 674.

Counsel argue that special damages might have been
recovered under the second count of the petition, and that
therefore the ruling on the demurrer was not prejudicial;
but special damages cannot be recovered unless alleged, and
the only allegation with reference thereto is in the third
count. As the petition is drawn, no recovery for special
damages could be had under the second count. It may be
that the pleader should have incorporated his third count
with his second, but no objection of that kind was raised
by the demurrer. The effect of the ruling, if not reversed,
would be to cut the plaintiff off from the recovery of special
damages, and such result would not be in accordance with
the law.

The judgment is therefore *reversed.*