C. H. TEDDER, *Plaintiff in Error,* v. GEORGE RIGGIN, *Defendant in Error.*

Opinion Filed February 11, 1913.

1. Where a cause of action is alleged, inappropriate elements of damages stated in the declaration are not reached by demurrer.

2. In an action on an implied warranty of authority to act as agent in making a contract, the action is not on the contract purported to have been authorized, but it is on the unauthorized conduct of the supposed agent who acted under claim of authority.

3. Where a misrepresentation has been relied on by the plaintiff to his detriment, the measure of recovery is not the difference between the plaintiff's pecuniary condition if the representation had been true, and his condition under the actual facts, but rather the difference between what the plaintiff had before he acted on the representation and what he had afterwards. This represents his actual loss.

4. One who, without authority, has assumed to act as the agent of another, and as such agent has entered into a contract in the name of the principal for the sale of the property of such assumed principal, cannot be held liable on the contract for damages for breach thereof unless the contract itself makes the agent personally liable in this action the plaintiff cannot recover for profits which he might have made if the one for whom the defendant assumed to act had performed the agreement which the defendant made without authority, the defendant not being liable on the unauthorized agreement.

Writ of error to the Circuit Court for Hillsborough County.

Judgment reversed.

*Wall & McKay,* for Plaintiff in Error;

*D. C. McMullen,* for Defendant in Error.

WHITFIELD, J.—Riggin brought an action against Tedder. The declaration consisted of two counts. A demurrer to the first count was sustained. The second count alleges that on March 25, 1908, "in consideration that the plaintiff would effect a sale to one W. C. McClure of about 52,000 acres of land belonging to Gulf Pine Company, a corporation, near Odessa in the County of Pasco, which lands lay in the Counties of Hillsborough and Pasco aforesaid and the State of Florida, said sale to be made at a price satisfactory to the said corporation, defendant agreed that said corporation would pay the plaintiff ten per cent commission upon the price for which said lands should be sold to said W. C. McClure, as compensation for effecting said sale, and the defendant promised and warranted to the plaintiff that he, the de-

fendant, was duly authorized and empowered to act as the agent and representative of said corporation in this behalf. And the plaintiff avers that thereupon he confided in the premises and warranty of the defendant, then and there effected a sale of said lands to the said W. C. McClure for One Dollar and twenty-five cents per acre, which price defendant prior to the sale aforesaid averred was satisfactory to said corporation; and that the said W. C. McClure was ready, able and willing to purchase said lands upon the terms and conditions of said agreement with defendant, yet the defendant did not regard his promise and warranty last aforesaid, but thereafter repudiated the same and declared himself not to be authorized and empowered to make and enter into said agreement on behalf of said corporation with plaintiff, and said corporation repudiated said agreement and declared defendant not to be authorized and empowered to entered into said agreement; and the defendant thereby deceived and defrauded the plaintiff in this to-wit: That the defendant at the time of making and entering into said agreement with plaintiff was not authorized and empowered to enter into said agreement, which was unknown to this plaintiff, whereby the plaintiff lost the benefit of selling said lands to the said W. C. McClure; wherefore the defendant became liable to the plaintiff in the sum of Six Thousand Five Hundred Dollars.

To the damage of the plaintiff in the sum of Ten Thousand Dollars."

A demurrer was interposed to the declaration upon grounds that (1) it does not state a cause of action; (2) it is vague, indefinite and uncertain; (3) it is contradictory; (4) it appears that the price offered was not satisfactory to the Gulf Pine Company.

The declaration is not drawn with marked precision

of statement, but it is not contradictory, nor so vague, indefinite and uncertain as not to state a cause of action. Its allegations in legal effect sufficiently state an implied warranty that the defendant was authorized to agree that the Gulf Pine Company would pay the plaintiff a stated commission for the sale of lands at a price satisfactory to the corporation, and that a stated price was satisfactory to the corporation, and that plaintiff acted thereon to his injury. The action is not based on the theory that the price was satisfactory to the corporation, but that the defendant stated to the plaintiff and thereby impliedly warranted that the price was satisfactory to the corporation.

Where a cause of action is alleged, inappropriate elements of damage stated in the declaration are not reached by demurrer. Hall v. Western Union Tel. Co., 59 Fla. 275, 51 South. Rep. 819.

There was no error in overruling the demurrer to the second count of the declaration, as the plaintiff was entitled to recover at least nominal damages. The elements of special damages that are alleged based on the unauthorized contract may be disregarded. There was no motion to strike or for compulsory amendment under the statute.

Two pleas were stricken and four were overruled on demurrer, but material errors do not appear in such rulings.

The case was tried on pleas of never promised as alleged, and that defendant never represented, warranted or promised the plaintiff that he was authorized to make the agreement as alleged. These pleas did not relieve the plaintiff of the burden of alleging and proving facts upon which proper damages for the breach of warranty as alleged may be determined under appropriate rules of

law.   There was judgment for the plaintiff, and the defendant took writ of error.

In an action on an implied warranty of authority to act as agent in making a contract, the action is not on the contract purported to have been authorized, but it is on the unauthorized conduct of the supposed agent who acted under claim of authority.   The object is to recover damages for the actual losses sustained by the plaintiff as the natural and proximate result of the breach by the defendant of his implied warranty that he was authorized to make the contract.   Whether it be *ex contractu* or *ex delicto,* the gist of the action is the misrepresentation made by the defendant to the plaintiff's pecuniary injury; and the purpose of the action is compensation.   In such cases the rule of compensation seeks to put the party misled back into the condition in which he was before he acted on the asserted authority of the defendant to make a contract for another.   Where a misrepresentation has been relied on by the plaintiff to his detriment, the measure of recovery is not the difference between the plaintiff's pecuniary condition if the representation had been true, and his condition under the actual facts, but rather the difference between what the plaintiff had before he acted on the representation and what he had afterward.   This represents his actual loss.   See 2 Sedwick on Damages, Sec. 439.

One who, without authority, has assumed to act as the agent of another, and as such agent has entered into a contract in the name of the principal for the sale of the property of such assumed principal, cannot be held liable on the contract for damages for breach thereof unless the contract itself makes the agent personally liable. In this action the plaintiff cannot recover for profits which he might have made if the one for whom the de-

fendant assumed to act had performed the agreement which the defendant made without authority, the defendant not being liable on the unauthorized agreement. See Senter v. Monroe, 77 Cal. 347, 19 Pac. Rep. 580; Wallace v. Bentley, 77 Cal. 19, 18 Pac. Rep. 788.

Where one, pretending to be an agent has contracted as such without authority from the principal, the party contracted with may hold the assumed agent responsible for damages to be measured, not by the contract, but by the injury resulting from the agent's want of power. While v. Madison, 26 N. Y. 117.

An agent purporting to act for and bind a principal whom he has no authority to represent is liable for breach of implied warranty or in tort to the extent of any damages resulting to the other party from such misrepresentation of authority. Groeltz v. Armstrong, 125 Iowa 39, 99 N. W. Rep. 128. This case supports the rule that special damages resulting from the misrepresentation of authority may be recovered. It does not indicate that recovery in this action could be had for the failure to make anticipated commissions. The failure or refusal of the corporation to carry out an assumed contract made by the defendant without authority and the consequent failure of the plaintiff to make the commissions contemplated, are not proximate results of the defendant's misrepresentation of his authority to act for the corporation, therefore the contemplated commissions that were not realized do not constitute the damages recoverable in this action. The proximate results of the misrepresentation of authority for which damages may be recovered in this action are the pecuniary losses actually sustained by the plaintiff by reason of the misrepresentation, not what he expected to make out of the unauthorized contract.

The court gave the following charge:

"6. If you find for the plaintiff the amount of your verdict should be ten per cent. of the price of the lands at $1.25 per acre, with interest at the rate of 8 per cent. per annum from the date of the institution of the suit."

This charge is inapplicable and erroneous, and the verdict rendered in accordance therewith is not authorized by law.

No recoverable special damages are alleged, and the plaintiff is entitled on this record to a verdict and judgment only for nominal damages.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.