No. 9979.

## FLORA v. HOEFT.

Decided March 6, 1922.  Rehearing denied May 1, 1922.

*Action in damages for deceit.  Judgment for plaintiff.*

## Reversed.

1. ACTIONS—*Deceit*—*Damages.*  In an action for deceit, the damages recoverable are those which result directly and proximately from the deceit of which complaint is made.

2. DAMAGES—*Measure of*—*Instructions.*  Instructions on the measure of damages in an action for deceit, reviewed and held erroneous.

3. PRINCIPAL AND AGENT—*Contract*—*Damages.*  An unauthorized agreement made by an agent is not ground for the recovery of the benefits which would have been derived from the contract if it had been performed.

*Error to the District Court of Sedgwick County, Hon. L. C. Stephenson, Judge.*

Messrs. ALLEN & WEBSTER, for plaintiff in error.

Messrs. ROLFSON & HENDRICKS, Messrs ROPER & SHAW, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for damages. There was a verdict and judgment for plaintiff. Defendant brings the case here for review, and as a ground for reversal of the judgment contends that there was error in an instruction relating to the measure of damages.

The complaint alleges, in substance, that defendant falsely represented that he had authority from the owners to sell a certain tract of land, and thereby induced plaintiff to enter into a contract with defendant, as agent, for the purchase of the property; and, that in fact defendant had no authority from the owners, and they refuse to convey the land. Counsel for plaintiff insist, and the other side apparently concedes, that the allegations of the complaint, in a general way, correspond to those of the complaint involved in *Benjamin v. Mattler*, 3 Colo. App. 227, 32 Pac. 837. Of that case, the court there said:

"It is in the nature of an action on the case at common law for deceit. The nature of the action is plain and unmistakable."

It was further stated, in effect, that the action was not one based on contract or growing out of it. The instant case is likewise an action for damages for deceit.

It is elementary that the damages recoverable are those which result directly and proximately from the deceit complained of. 12 R. C. L. 451, 452. The instruction complained of permitted the jury to include in plaintiff's damages the value of the contract as it would have been had it been carried out, that is, if the owners had conveyed the land to plaintiff. In other words, plaintiff was allowed to recover such sum as would have represented the profits he would have derived from the contract if the owners of the land had adopted it and fulfilled it. This instruction clearly violated the rule above stated, and was erroneous. The plaintiff lost no bargain, and no profits, because of the defendant's alleged deceit, for he would not have had the same in the absence of such deceit. Plaintiff merely failed

to obtain the profits, but the failure was not due to defendant's representations. As reasoned in *Wallace v. Bentley,* 77 Cal. 19, 18 Pac. 788, 11 Am. St. Rep. 231, plaintiff was not prevented by defendant from negotiating with the owners or some authorized agent for the purchase of the property.

In *Tedder v. Riggin,* 65 Fla. 153, 61 So. 244, it was held that an unauthorized agreement made by an agent is not ground for the recovery of the benefits which would have been derived from the contract if the party the agent assumed to represent had performed.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE TELLER not participating.