No. 14,606.

RINGSBY ET AL. *v.* TIMPTE ET AL.
(98 P. [2d] 287)

Decided December 26, 1939.

Messrs. MOFFETT & HITCHCOCK, for plaintiffs in error.

Mr. CLARENCE EYNON, for defendants in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court,

PLAINTIFFS in error brought action for damages for fraud and deceit, based upon alleged misrepresentations in connection with the sale to them of certain refrigerator transportation equipment by defendants. At the close of the plaintiffs' case, on motion of defendants for nonsuit, the action was dismissed. Reversal is sought on application for supersedeas, and, because of the apparent correctness of the disposition of the case by the trial court, we proceed to determine the matter on that application.

The representations relied on for recovery were as follows:

1. That certain large packers, to wit: Swift & Co., Armour & Co., and others, were at the time of said representations desirous of employing private parties, such as the plaintiffs, under contract for the regular hauling of their products.

2. That in order to secure such a contract the said packers were at that time requiring such parties to purchase and use the type of refrigerator equipment manufactured only by Timpte Brothers.

3. That defendants had, previous to the time of the said negotiations, made certain connections and that certain understandings and agreements were then in existence between them and the said packers respecting the employment of purchasers of Timpte Brothers equipment.

4. That by virtue of their connections and agreements with the said packers, Timpte Brothers were at that time authorized by the said packers to act as their agents, and to negotiate contracts and to execute contracts on behalf of the said packing companies for such regular hauling between Chicago and Denver, and between Denver and California and intervening points, and for return loads from such points.

5. That in specifying the particular type of equipment recommended to the plaintiffs, and concerning which

said negotiations were made, and in contracting with the plaintiffs for such hauling employment, the defendants were acting within their authority and as agents of the said packers.

6. That such hauling contracts could not at that time be had nor in anywise be procured without purchasing the specified equipment manufactured by Timpte Brothers.

7. That the hauling jobs were being furnished with and as a part of the purchase of the equipment.

8. That the defendants had previously secured the authority to complete the contracts for such hauling, and that such contracts could be and were being given to the plaintiffs with the purchase of the equipment on completing the arrangements therefor and procuring the necessary licenses and permits.

9. That the defendants had previously fully investigated the conditions of the hauling contracts and were familiar with the requirements of the service and the expenses and the profits under such hauling contracts, and that from their knowledge and by reason of their authority they could and did assure the plaintiffs of such immediate hauling contracts with regular and steady employment thereunder, with an assured profit in a substantial sum, to wit, the sum of fourteen hundred dollars ($1,400.00) per month.

Judgment was sought for $8,400, six months at $1,400 a month; for $6,023.62, the same being incurred for equipment and licenses; for $10,000 exemplary damages, and for body execution against each of the defendants.

Reference will be made to the parties as they appeared in the trial court.

All of the assignments of error can be comprehended in one assignment that the court erred in sustaining the motion for nonsuit.

It may be conceded that certain of the alleged representations were made, as found by the trial court, but since the evidence also disclosed that the hoped-for

profits were all dependent on promises of future action, the court rightly sustained the motion for nonsuit.

The record discloses that the equipment was delivered as ordered about January 29, 1934, after plaintiffs had made a down payment, and given notes for the balance, which notes were endorsed by the Timptes to a finance company. Within a few days thereafter a contract was obtained from Swift and Company for transportation of merchandise to California. On this trip, the truck of one of the other Denver truckers which was loaded with meat for Swift and Company, broke down on the edge of the desert in California, and plaintiffs, at the request of those in charge of the office of Swift and Company in San Francisco went out and got the load and delivered it. After their return to Denver they were sent on trips to Montana for Swift and Company. A short time later they were sent on a trip to Los Angeles for Armour and Company. After arrival in California on this latter occasion, they did not return to Denver, which it may be assumed they would have done had they been relying on the alleged misrepresentations. Instead, they remained in California and engaged in the trucking business in that state for about a month. They then took a contract for a load to be delivered in St. Louis. From St. Louis they went to Chicago, and later rendered services in trucking between Chicago and Kansas City, until the equipment finally was repossessed by the finance company on July 2, 1934. All of this they contend they did because defendants failed to procure for them a contract with Swift and Company. During the five months the equipment was in the Ringsbys' possession, they drove it approximately twenty thousand miles, and while they kept no record, and therefore could not state definitely the amount they had received for trucking service, opposing counsel contend it was close to $8,000, notwithstanding which they never made a second payment on the equipment.

It is informative to note that one of the pieces of equipment involved in this transaction was resold to another trucker, who used it until he traded it in for a larger unit, and this same trucker was still operating for Swift and Company at the time of the trial.

■ We are of the opinion that plaintiffs failed to establish that they acted entirely in reliance on the alleged misrepresentations; but had they done so they still would have failed to maintain their cause of action based on fraud or deceit, because they had every opportunity to learn the truth or falsity of the alleged misrepresentations. The record shows that they were at the Swift and Company plant on several occasions, and upon inquiry would have been fully advised as to the true situation. If, as one of the plaintiffs testified, they were told not to question Swift and Company, as to their status, that of itself should have put them upon inquiry.

■ But assuming that all of the elements of fraud were established, such fraud could attach only to the alleged future earnings of $1,400 a month. The law is definitely settled in this jurisdiction that such prospective damages are not recoverable in an action of this character. *Flora v. Hoeft,* 71 Colo. 273, 206 Pac. 381; *Hart v. Zaitz,* 72 Colo. 315, 211 Pac. 391, and *Nelson v. Van Schaack & Co.,* 87 Colo. 199, 286 Pac. 865. Counsel for plaintiffs in error concede this, but say that we are with the minority of courts holding this view. The same argument was advanced in the Hart case, but Justice Campbell in responding to the contention, stated, "The entire argument is a fervent and able one for a repudiation of our previous decisions, but so long as they stand, this action may not be maintained."

Reference is made to a companion case decided in the Denver district court by a present member of this court. Counsel for plaintiffs concede that "that case was favorable to the defendants [Timpte Brothers here] because Edmunds [plaintiff in that case] had entered into an outside partnership with a third party before the deliv-

ery of the equipment." The representations upon which reliance is placed here were made before the delivery of the equipment. After delivery, plaintiffs entered into several contracts with others. Whatever the reason, plaintiffs in the companion case failed, and no review of the case was sought.

Judgment affirmed.

MR. JUSTICE FRANCIS E. BOUCK and MR. JUSTICE BOCK not participating.