PER CURIAM.
The appellant filed an action against Hialeah Race Course, Inc., Gulfstream Park Racing Association, Inc., Tropical Park, Inc., Florida Thoroughbred Council, Florida Thoroughbred Breeders’ Association, and the Florida State Racing Commission, seeking damages for breach of contract.
By the initial complaint and the amended complaint it was alleged that Florida Thoroughbred Council, described as a voluntary association, acting as agent of the Florida State Racing Commission had contracted with plaintiff on behalf of the State Racing Commission for certain advertising; that the remaining defendants, other than the Florida State Racing Commission, acted for Florida Thoroughbred Council in the making of the contract; that the plaintiff performed until defendants renounced the contract; and that defendants had refused to pay therefor, and had breached the contract for such advertising.
A copy of the contract was attached to the original complaint, and was made a part of the amended complaint. The document, signed in the manner shown below, was addressed to and accepted by the plaintiff Webster Outdoor Advertising Company. It stated: “We hereby authorize and direct you to paint and execute an advertising display at locations and at prices per month as indicated below for Florida State Racing Commission,” etc. Set out below therein were statements of the period and times for performance, with a listing of the locations for such advertising and sizes and prices. The contract contained a number of printed provisions, followed by the signatures and acceptance which appeared thereon in the following form:

It was alleged that Florida Thoroughbred Council had customarily acted for the State Racing Commission as its agent, in the making of contracts, and that the Council was so acting on this contract with actual or apparent authority. It was further alleged that the other defendants, whose representatives appeared as signers on the document, were authorized by them respectively to enter into such contract on behalf of the Florida Thoroughbred Council.
On a motion of the Florida State Racing Commission to dismiss the original complaint, an order was entered dismissing the cause with prejudice as to that defendant, on its claim and argument that the State Racing Commission as a state agency was not bound by a contract made for it by a corporation or association purporting to act as its agent but which had not been so designated by law. On an earlier appeal taken by the plaintiff from the order dismissing the State Racing Commission, this *480 court affirmed. 235 So.2d 552. Motions of the other defendants to dismiss the original complaint were granted with leave to amend. When the amended complaint was filed it included the State Racing Commission as a defendant. Based on its prior dismissal with prejudice, the Racing Commission moved for and obtained another order of dismissal, which order is not involved on this appeal. The other defendants moved to dismiss the amended complaint. Their motions were granted, and the plaintiff prosecuted this appeal.
The trial court was eminently correct in dismissing the amended complaint as to the defendants other than Florida Thoroughbred Council. An inspection of the signatures on the contract shows that the signatory was Florida Thoroughbred Council, patently purporting to act as the agent of the Florida State Racing Commission in making a contract for the latter. The Florida Thoroughbred Council signed by the individuals whose signatures appear under the name of the Council. Whether the abbreviated references to “Gulf-stream,” “Hialeah,” “Tropical,” etc., appearing after the signatures of the individuals, are construed to have been only for the purpose of identifying the individuals who signed, as to their connection with the respective corporations or association, or are construed to have been a signing by those corporations and association (through such individuals), the result is the same, because those so signing did so as representatives or agents of the signatory Florida Thoroughbred Council, in that the latter signed by them. Moreover, none of the former were designated thereon as acting or signing for the State Racing Commission, as was the Florida Thoroughbred Council. Accordingly, we affirm the ruling of the trial court dismissing the said defendants other than Florida Thoroughbred Council.
We find merit in the contention of the appellant that the trial court erred in concluding that the amended complaint did not state facts upon which relief could be granted against the defendant Florida Thoroughbred Council. The principles of law applicable in this instance are set forth in Restatement of the Law, Agency 2d § 329 as follows:
“A person who purports to make a contract, conveyance or representation on behalf of another who has full capacity but whom he has no power to bind, thereby becomes subject to liability to the other party thereto upon an implied warranty of authority, unless he has manifested that he does not make such warranty or the other party knows that the agent is not so authorized.
% ‡ ‡ S*C % ijc
“When an agent purports to make a contract, conveyance or representation for a principal, the other party thereto can reasonably assume from such conduct that the agent represents that he has power so to bind the principal. Hence, the rule stated in this Section results from the fact that the agent purports to act as such, although he makes no express representation as to his authority. The agreement by the other party to enter into the transaction with the principal is consideration given by him, so that the representation by the agent becomes effective as a warranty. jH % ‡ ft
The foregoing principles were applied in the case of Tedder v. Riggin, 65 Fla. 153, 61 So. 244, wherein the Supreme Court of Florida said:
“Where one, pretending to be an agent, has contracted as such without authority from the principal, the party contracted with may hold the assumed agent responsible for damages, to be measured, not by the contract, but by the injury resulting from the agent’s want of power. White v. Madison, 26 N.Y. 117.
“An agent, purporting to act for and bind a principal whom he has no author *481 ity to represent, is liable for breach of implied warranty or in tort to the extent of any damages resulting to the other party from such misrepresentation of authority. Groeltz v. Armstrong, 125 Iowa 39, 99 N.W. 128. * * * ”
See also Bregman Screen & Lumber Co. v. Bechefsky, 16 N.J.Super. 35, 83 A.2d 804, 806; Martinson v. Brooks Equipment Leasing, Inc., 36 Wis.2d 209, 152 N.W.2d 849, 855,154 N.W.2d 353.
For the reasons assigned the order appealed from is reversed in part, to the extent that it dismissed the defendant Florida Thoroughbred Council, and the cause is remanded for further proceedings as to said defendant.
Affirmed in part, reversed in part and remanded.