351 So.2d 1148 (1976)
PORT EVERGLADES AUTHORITY, a Public Corporation of Florida, Fubo the Glens Falls Insurance Company, a New York Corporation Authorized to Do Business in the State of Florida, and Marine Industry Association et al., Appellants,
v.
R.S.C. INDUSTRIES, INCORPORATED et al., Appellees.
No. 75-1382.
District Court of Appeal of Florida, Fourth District.
July 30, 1976.
As Amended On Denial of Rehearing October 15, 1976.
*1149 Carol M. Anderson of Anderson & Anderson, P.A., Fort Lauderdale, for appellants.
Fred J. Ward of Crouch, Ward & Africano, P.A., Hallandale, for appellee Marine Industry Ass'n of Broward County.
Nancy Little Hoffmann of Druck, Grimmett, Norman, Weaver & Scherer, Fort Lauderdale, for appellee R.S.C. Industries, Inc.
DOWNEY, Judge.
Appellant Port Everglades Authority leased certain premises to appellee Marine Industry Association of Broward County so Marine could hold a boat show. The leasing agreement contained a provision that Marine Industry would indemnify appellant for any claim, loss or demand made against or suffered by the appellant arising out of the Marine Industry's use of the property in question.
Thereafter Marine Industry entered into numerous display space agreements so exhibitors could display their merchandise during the boat show. One of these exhibitors was appellee R.S.C. Industries, Inc. The R.S.C. Industries space agreement contained a provision that R.S.C. would indemnify Marine Industry from any claim that might occur in, on, or about the exhibit area.
During the lease term a fire damaged the leased premises. As a result thereof appellant filed suit for the use and benefit of its fire insurance carriers against appellee Marine Industry based upon the indemnification provisions contained in the lease agreement. Appellee Marine Industry then filed a third party complaint against appellee R.S.C. Industries, Inc., alleging that the fire loss resulted from the negligence of appellee R.S.C. Industries, and seeking judgment "for all damages that are adjudged against [Marine Industry] in favor of [Port Everglades Authority]." Before trial the court entered a partial summary judgment in favor of appellant and against appellee Marine Industry on the question of liability.
At trial appellant proved: the indemnification agreement; the occurrence of a fire loss; and payments to appellant totalling $9,184.08 from appellant's insurance carriers. Appellant adduced no proof as to the amount of loss occasioned by the fire other than payments totalling $9,184.08. There was no competent evidence that that sum represented the proper measure of damages or that the sum in question, or any sum, was reasonable payment for the fire loss. On motion for dismissal for appellant's failure to prove its damages by competent evidence, the trial court dismissed appellant's complaint and entered judgment for appellee Marine Industry. In view of the dismissal of the main claim the trial court held Marine Industry's third party claim against R.S.C. Industries was moot and refused to try that claim even as to the issue of attorney's fees and costs which appellee Marine Industry had allegedly incurred in defense of the claim of Port Everglades.
Appellant seeks review of the judgment dismissing its complaint, and appellee cross-appellant Marine Industry seeks review of the judgment holding its claim for indemnification against appellee R.S.C. Industries to be moot. In our judgment the trial court was correct in its ruling on appellant's claim against Marine Industry but incorrect in its ruling on Marine Industry's third party claim against R.S.C. Industries.
Appellant initiated this action for the use and benefit of its fire insurance carriers, the real parties in interest. Those parties stand in the shoes of the appellant vis a vis the parties against whom the claim is being made. Thus, if appellant sued appellee R.S.C. Industries on its indemnifying agreement for damages arising out of a fire caused by R.S.C., and no fire insurance was involved, it would appear quite obvious that appellant would have to prove *1150 its loss in order to recover. Although the contractual provision in question provides for payment of any claim, loss, or demand made against or suffered by appellant, that provision does not give appellant carte blanche to recover any sum which suits its fancy. The recovery must be reasonable, based upon the accepted measure of damages.
As pointed out in the Restatement of Restitution, § 80:
"A person who has discharged a duty which, as between himself and another, should have been performed by the other, and who is entitled to indemnity from the other under the rules stated in §§ 76-79, is entitled to reimbursement, limited
(a) to the amount of his net outlay properly expended, except where he became subject to the duty by the fraud or duress of the other, and
(b) if the payor became a party to the transaction without the consent or fault of the other, to the amount by which the other has thereby benefited." (Emphasis added.)
The comment contained under the aforesaid section explains that recovery "is limited to reimbursement for the net outlay reasonably expended by the payor." (Emphasis added.)
The underlying issue on the main appeal is: who had the burden of proof as to the reasonableness of the $9,184.08 the insurance carriers paid to the appellant? Appellant contends that after it showed the indemnification agreement, the occurrence of a fire loss, and payment of $9,184.08 from its insurance carriers, the burden of proof shifted to Marine Industry to show that that sum was not the reasonable value of appellant's damages. Marine Industry contends the burden was on appellant to prove the $9,184.08 the carriers paid was a reasonable payment, and we agree.
The general rule on the burden of proof in suits for indemnity is stated in 42 C.J.S. Indemnity § 35, as follows:
"The rules of evidence which govern in other actions on contracts, as discussed in Contracts §§ 926-959, and the general rules set forth in Evidence §§ 103-157, apply in an action on a contract of indemnity with regard to the presumptions and burden of proof. Thus the burden of proof is on indemnitee to prove clearly all the material elements of his cause of action against the indemnitor, including, inter alia, breach of the indemnity contract, the responsibility over of the indemnitor to him, the fact and amount of loss sustained, the facts on which his legal liability to pay the claim existed, as well as the reasonableness of the amount paid. . .." (Emphasis added; footnotes omitted.)
Accordingly, because appellant failed to prove that the amount it received from its carriers was reasonable, the trial court's dismissal of appellant's complaint (on Marine Industry's motion) was proper, as was the entry of final judgment in Marine Industry's favor.
Since the appellant did not recover against Marine Industry for the amount appellant claimed, Marine Industry could not recover that amount from R.S.C. Industries on the third party complaint. However, under its third party complaint, Marine Industry might, upon appropriate proof, be able to recover reasonable attorney's fees and court costs arising out of its defense against appellant's claim. See Milohnich v. First National Bank of Miami Springs, 224 So.2d 759, 762 (Fla.3d DCA 1969); Annot.: Damages  Attorneys' Fees, 45 A.L.R.2d 1174; Annot.: Attorneys' Fees as Damages, 4 A.L.R.3d 270. We therefore conclude that the trial court erred in dismissing Marine Industry's third party complaint as moot.
The judgment appealed from is affirmed as to the claim of appellant against appellee Marine Industry Association and reversed as to the claim of appellee Marine Industry Association as third party plaintiff for attorney's fees and costs. This holding will of course revive the fourth party complaint filed by appellee R.S.C. Industries, which complaint has lain dormant during these appellate proceedings.
*1151 Appellee Marine Industry has moved for an allowance of attorney's fees in this court. We believe such fees should be allowed only for the cross appeal and only if it is ultimately determined that appellee R.S.C. Industries is liable to appellee Marine Industry Association on the third party complaint. We remand Marine Industry's motion for attorney's fees to the trial court for disposition in accordance with this opinion.
Affirmed in part, reversed in part, and remanded.
CROSS, J., and WEAVER, SIDNEY M., Associate Judge, concur.

ON PETITION FOR REHEARING
PER CURIAM.
In its petition for rehearing appellant asserts our opinion is in error when it states: "Thus, if appellant sued appellee R.S.C. Industries on its indemnifying agreement for damages arising out of a fire caused by R.S.C... . ."
The opinion is in error to the extent it uses the name R.S.C. Industries in that sentence. R.S.C. Industries was a third party defendant. Instead of R.S.C. Industries we intended to name the original defendant in this case, Marine Industry Association of Broward County.
Our opinion published July 30, 1976, is so amended, and the petition for rehearing is denied.
CROSS and DOWNEY, JJ., and WEAVER, SIDNEY M., Associate Judge, concur.