MOORE, Judge.
Appellants conveyed a certain parcel of land, with improvements, to appellee, Wein-ro Management, Ltd. Upon learning that the improvements encroached on an adjacent parcel of land, Weinro filed suit against appellants seeking damages, apparently upon a theory of misrepresentation.[1] Appellants now seek review of the final judgment for damages entered against them after a non-jury trial. We reverse.
The only evidence offered in an attempt to establish appellee’s damages was the sum of $17,500, which appellee paid to the adjacent property owner for a strip of land which not only included the area encroached upon, but additional footage as well. There was no competent evidence that that sum represented the proper measure of damages or that the sum paid was a reasonable one as a result of the encroachment. See Port Everglades Authority v. R. S. C. Industries, Inc., 351 So.2d 1148 (Fla. 4th DCA 1976).
The final judgment is reversed with directions to enter judgment for the defendants, appellants.
DAUKSCH, J., and LEWIS B. WHIT-WORTH, Associate Judge, concur.

. We use the word “apparently” because we glean from the record that appellants admitted liability and a partial summary judgment as to liability was entered against them. The record does not reflect the basis upon which the summary judgment was entered and that order is not a subject of this appeal.