412 So.2d 940 (1982)
GREATER CORAL SPRINGS REALTY, INC., a Florida Corporation, Appellant,
v.
CENTURY 21 REAL ESTATE OF SOUTHERN FLORIDA, INC., a Florida Corporation, Appellee.
No. 81-651.
District Court of Appeal of Florida, Third District.
April 20, 1982.
Smith & Mandler and Patricia M. Silver and Bernard S. Mandler, Miami Beach, for appellant.
Douglas Paul Solomon, North Miami Beach, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
HENDRY, Judge.
This appeal is from a final judgment which awarded appellant, Greater Coral Springs Realty, Inc., nominal and punitive damages, and denied its claim for lost profits.
Appellant, holder of a Century 21 franchise, discussed the possibility of acquiring a second franchise in the Coral Springs area with a Century 21 employee, Sam Bruneo. Mr. Bruneo gave assurances that the next available franchise would be granted to appellant along with an exclusive in the Coral Springs area. Based upon this representation, appellant's vice president made a deposit of two thousand dollars to reserve the franchise. Subsequently, Century 21 refunded appellant's money and granted franchises in Coral Springs to other brokers.
Appellant filed a complaint seeking specific performance, injunctive relief and damages for breach of contract, and damages for fraud and deceit. Century 21 entered general denials and asserted the statute of frauds as a defense to the contract action. After a non-jury trial, the court found no evidence to support appellant's claim for breach of contract, and dismissed all counts of the complaint except count IV, *941 predicated on fraud and deceit. The final judgment awarded appellant one thousand dollars nominal damages, and fourteen thousand dollars punitive damages on the fraud claim.
The sole issue raised by this appeal[1] is whether the trial court erred in failing to award appellant compensatory damages in the form of lost profits on the fraud claim. Under the circumstances of this case, we find no error in the measure of damages and affirm the judgment below.
The court's finding that insufficient evidence was introduced to sustain the contract claim has not been challenged on appeal. Failure to establish the contract limited appellant to tort remedies for the fraud and precluded recovery of the "benefit of the bargain":
In tort actions, the measure of damages seeks to restore the victim to the position he would be in had the wrong not been committed. In actions for breach of contract, the aim is not the mere restoration to a former position as in tort, but is the awarding of a sum which is equivalent to the performance of the bargain; the attempt is to place the plaintiff in the position he would be in if the contract had been fulfilled. McCormick, Damages, § 317, pp. 560-561 (1935).
Ashland Oil, Inc. v. Pickard, 269 So.2d 714, 723 (Fla. 3d DCA 1972). A party may not recover contract damages in a tort action. Thus, an award of lost profits, the equivalent of the performance of the bargain, was clearly not warranted under the facts of this case since the parties never reached an agreement. Based, however, on the wrongful conduct of Century 21's employee in accepting a deposit from appellant and then selling the next available franchise to another broker, the court properly awarded nominal and punitive damages. Lassitter v. International Union of Operating Engineers, 349 So.2d 622 (Fla. 1976); Food Fair, Inc. v. Anderson, 382 So.2d 150 (Fla. 5th DCA 1980); American Motorcycle Institute, Inc. v. Mitchell, 380 So.2d 452 (Fla. 5th DCA 1980). Accordingly, the judgment below is
Affirmed.
NOTES
[1] Appellee Century 21 has not cross-appealed from the damage award.