511 So.2d 595 (1987)
MARTHA A. GOTTFRIED, INC., and Dorothy Grove, Appellants/Cross Appellees,
v.
Daniel AMSTER and Lucille Amster, His Wife, Appellees/Cross Appellants, and
Saul Goldstein and Dorothy Goldstein, His Wife, De Fina Realty and Elsie Rose, Appellees.
MARTHA A. GOTTFRIED, INC., and Dorothy Grove, Appellants,
v.
Daniel AMSTER and Lucille J. Amster, His Wife, et al., Appellees.
Daniel AMSTER and Lucille J. Amster, His Wife, Appellants,
v.
MARTHA A. GOTTFRIED, INC., et al., Appellees.
Nos. 85-1785, 85-2469 and 85-2470.
District Court of Appeal of Florida, Fourth District.
May 13, 1987.
Rehearing Denied September 17, 1987.
*596 D. Culver Smith III of Steel Hector Davis Burns & Middleton, West Palm Beach, for Gottfried and Grove.
Freeman W. Barner, Jr. of Freeman W. Barner, Jr., P.A., and Cromwell & Remsen, Riviera Beach, for Amsters.
Louis L. Hamby III of Alley, Maass, Rogers, Lindsay & Chauncey, Palm Beach, for appellees-Goldsteins.
*597 STONE, Judge.
This is an appeal from a final judgment awarding damages to the Amsters, the buyers of a condominium unit, against Grove, a licensed real estate salesperson, and Martha Gottfried, Inc., Grove's broker (hereafter "brokers"). The judgment denied both the buyers and the brokers any relief as to their claims against the Goldsteins, the sellers of the unit.
The Goldsteins had a contract to purchase an apartment from the developer, who is not involved in this action. They authorized Rose, a real estate agent, who is not a party to this appeal, to offer their unit for sale upon the condition that they would be able to acquire a desired substitute unit in the building. Rose understood that the sellers were willing to sell only on the condition that they were able to acquire the other unit.
Agent Grove worked with Agent Rose in the developer's condominium sales department, and both were authorized to handle resales. According to the Amsters, Grove met with them and led them to believe that the Goldsteins' apartment was available for a specified sum. The Amsters contend that Grove represented that she was the sellers' exclusive agent, holding exclusive authority to sell the unit, to enter into an agreement for the assignment of the sales contract, and to execute all necessary documents. Grove did not identify the owners nor were the buyers advised of the condition placed on the offer.
The buyers gave Grove a check, and received a handwritten receipt designating it as an earnest money deposit for that unit for the specified purchase price. The buyers were also furnished with the developer's standard form for a deposit receipt contract, but none of the blank spaces were completed. No additional contract was signed. The buyers made several trips to Florida in anticipation of the closing.
Complications developed when the sellers insisted that the sale had to be a three-way transaction involving the alternate unit. The buyers objected to this added factor. The transaction with respect to the additional unit fell through, and the sellers went on to close on their contract to purchase the unit in question, refusing to sell it.
Consequently, the buyers sued the sellers for specific performance and breach of contract. They also sued the brokers, Martha A. Gottfried, Inc., and Grove, based on the theories of implied warranty of authority and of tortious misrepresentation. The sellers brought a third party action against the brokers for indemnity, and the latter responded by impleading Rose and the real estate company she was associated with, DeFina Realty.
At the conclusion of the plaintiffs' case, the trial court granted the sellers' motion to dismiss the buyers' claims against them. The court also granted the motion of Rose and DeFina to dismiss the claims against them by the brokers. The court entered a judgment against the brokers which awarded damages to the buyers in the sum of $37,294.07, plus a return of their deposit. Although the trial court denied the buyers' motion for attorney's fees against the brokers, the brokers were ordered to compensate the sellers for their attorney's fees based on a theory of indemnity.

I.
The brokers assert that there is an inherent contradiction in the trial court finding them liable to the buyers, and yet dismissing the sellers. There is substantial competent evidence in support of the determination by the trier of fact that Grove had impliedly warrantied that she had the authority to sell the property on behalf of the sellers, when in fact she had no authority to make such representations. There was also evidence from which the trial court could conclude that Grove had made false representations to the buyers upon which they relied to their detriment. These theories are independent of any claims against the sellers.
A cause of action for breach of warranty may be alleged against an agent who purports to make a contract on behalf of a principal, and represents that he has the power to do so. In McKnight v. Hialeah *598 Race Course, Inc., 242 So.2d 478 (Fla. 3d DCA 1970), the court quoted the provision set forth in Restatement (Second) of Agency § 329 that such a representation by an agent becomes a warranty:
"A person who purports to make a contract, conveyance or representation on behalf of another who has full capacity but whom he has no power to bind, thereby becomes subject to liability to the other party thereto upon an implied warranty of authority, unless he has manifested that he does not make such warranty or the other party knows that the agent is not so authorized."
McKnight at 480.
This action for breach of warranty of implied authority was first adopted by the Florida Supreme Court in Tedder v. Riggin, 65 Fla. 153, 61 So. 244 (1913). The supreme court said:
An agent, purporting to act for and bind a principal whom he has no authority to represent, is liable for breach of implied warranty or in tort to the extent of any damages resulting to the other party from such misrepresentation of authority. Groeltz v. Armstrong, 125 Iowa, 39, 99 N.W. 128.
Tedder 61 So. at 245.
Since the brokers' liability in this case is based on a breach of warranty of implied authority, the brokers' liability is unrelated to that of the sellers. Therefore, there is no inconsistency in the court dismissing the sellers, and entering a judgment against Grove and Gottfried in favor of the buyers.

II.
The brokers next object that their conduct should not render them liable for the sellers' costs and attorney's fees. In Baxter's Asphalt & Concrete, Inc. v. Liberty County, 406 So.2d 461 (Fla. 1st DCA 1981), quashed on other grounds, 421 So.2d 505 (Fla. 1982), it was recognized that a party is entitled to recover attorney's fees where the wrongful act of the defendant has involved him in litigation with others. This is an exception to the rule that attorney's fees are not recoverable in the absence of a statute, contract, or rule authorizing such an award. The court declared:
Where the wrongful act of the defendant has involved the claimant in litigation with others, and has placed the claimant in such relation with others as makes it necessary to incur expenses to protect its interests, such costs and expenses, including reasonable attorney's fees upon appropriate proof, may be recovered as an element of damages. Port Everglades Authority v. R.S.C. Industries, Inc., 351 So.2d 1148 (Fla. 4th DCA 1976); Canadian Univ. Ins. Co. v. Employer's Surplus Lines Insurance Co., 325 So.2d 29 (Fla. 3d DCA 1976); Milohnich v. First National Bank of Miami Springs, 224 So.2d 759 (Fla. 3d DCA 1969).
Baxter's Asphalt at 467 (footnote omitted).
We therefore affirm the judgment of the trial court indemnifying the Goldsteins for their costs and reasonable attorney's fees against Gottfried and Grove.

III.
The brokers assert that the court erred in considering the buyers' claim of loss of bargain damages in the sum of $18,000, plus interest.
The buyers may not recover benefit of bargain damages on the breach of warranty claim. In Tedder v. Riggin, the supreme court held that the measure of damages in an action for breach of a warranty of authority is the actual loss incurred as a result of the breach. Loss of bargain is thus not recoverable under this theory, as the agent is not being sued on the contract itself, but rather for the losses actually sustained as a natural and proximate result of the breach of implied warranty.
In such cases the rule of compensation seeks to put the party misled back into the condition in which he was before he acted on the asserted authority of the defendant to make a contract for another. Where a misrepresentation has been relied on by the plaintiff to his detriment, the measure of recovery is not the difference between the plaintiff's pecuniary *599 condition if the representation had been true and his condition under the actual facts, but rather the difference between what the plaintiff had before he acted on the representation and what he had afterward. This represents his actual loss... . In this action the plaintiff cannot recover for profits which he might have made if the one for whom the defendant assumed to act had performed the agreement which the defendant made without authority; the defendant not being liable on the unauthorized agreement.
Tedder v. Riggin 61 So. at 245.
The buyers also claim that they are entitled to recover the benefit of their bargain as damages on their allegation of fraud. The general rule is that ordinarily a party may not recover contractual damages, such as lost profits or benefit of bargain, in a tort action. See Sprayberry v. Sheffield Auto and Truck Service, Inc., 422 So.2d 1073 (Fla. 1st DCA 1982), rev. denied, 427 So.2d 738 (Fla. 1983); Greater Coral Springs Realty, Inc. v. Century 21 Real Estate of Southern Florida, Inc., 412 So.2d 940 (Fla. 3d DCA 1982).
Nevertheless, benefit of bargain damages are recoverable in appropriate cases. See Schryburt v. Olesen, 475 So.2d 715 (Fla. 2d DCA 1985); Strickland v. Muir, 198 So.2d 49 (Fla. 4th DCA 1967). However, Schryburt involved damages for breach of contract, and reliance by the buyer on knowing misrepresentations by a seller, and Strickland involved allegations of willful active fraud and falsification in the marketing of securities.
Florida courts have applied both the actual loss and loss of bargain measures where warranted by the particular facts of each case, and as the court finds justice demands. See Getelman v. Levey, 481 So.2d 1236 (Fla. 3d DCA 1985), rev. denied, 494 So.2d 1150 (Fla. 1986); DuPuis v. 79th Street Hotel, Inc., 231 So.2d 532 (Fla. 3d DCA), cert. denied, 238 So.2d 105 (Fla. 1970). However, we conclude that regardless of applying either theory of this case, it was error to include the buyers' loss of bargain, and interest on that sum, in the final judgment.
The buyers, by cross appeal, contend that the court erred in excluding from evidence their lost income for the time expended in the attempted acquisition of the unit. The husband is an attorney and argues that he is entitled to be compensated at his regular hourly rate for his cost time. However, he did not allege such damages as an item of special damages in the pleadings. We hold that the trial court did not err in concluding that such damages are in fact special damages which are required to be specially pled. See Alderman v. Murphy, 486 So.2d 1334 (Fla. 4th DCA 1986); Florida Power Corp. v. Zenith Industries Co., 377 So.2d 203 (Fla. 2d DCA 1979), cert. denied, 388 So.2d 1120 (Fla. 1980); Hartford Accident and Indemnity Co. v. Myers, 247 So.2d 83 (Fla. 2d DCA 1971), cert. denied, 261 So.2d 177 (Fla. 1972). We caution, however, that this should not be interpreted as a conclusion that the plaintiffs would have been entitled to such damages in the event that they had been properly pled.
Further, the trial court did not err in excluding from evidence expenses incurred by the buyers for travel, lodging and other miscellaneous items expended while visiting Florida for various purposes. The buyers conceded that the sum of $3,993.40 was erroneously computed in the judgment, since the court had previously held that such damages were not the direct and natural consequence of the brokers' conduct. See Tedder v. Riggin; Greater Coral Springs Realty, Inc. v. Century 21 Real Estate of Southern Florida, Inc.
There is no dispute with respect to the portion of the judgment in favor of the Amsters and against the brokers to the extent of $5,100 and prejudgment interest on that sum.

IV.
The buyers next assert that the trial court erred in denying their post-trial motion to amend the complaint to add an additional count for breach of contract against the brokers. We affirm the ruling *600 of the trial court. Not only would such an amendment at that point in the trial have severely prejudiced the brokers, but here it was not even contended that the buyers had been led to believe that they were entering into a contract with Grove, or that she was acting in any capacity other than as an agent for the sellers. Considering all allegations most favorably to the buyers, there remains no cause of action on breach of contract against the agent. Liability, if any, must be founded upon the theory of either breach of implied warranty or misrepresentation. Tedder v. Riggin.

V.
The buyers have filed a cross appeal against the brokers for their attorney's fees in this case. The trial court correctly refused to award attorney's fees to the buyers against Gottfried and Grove. The principle is well established that entitlement to fees must be founded upon a provision in a contract, statute, rule, or special principle of law, such as that for the establishment of a fund. See Ellis v. Flink, 374 So.2d 4 (Fla. 1979); Department of Revenue of State v. Arga Co., 420 So.2d 323 (Fla. 4th DCA 1982), rev. denied, 434 So.2d 886 (Fla. 1983).
We recognize that there are exceptions to this rule and that attorney's fees have been found to be recoverable as an element of damages with respect to certain intentional malicious torts. However, these exceptions apply only to certain specific intentional and willful bad faith or fraudulent acts, such as wrongful attachments, false imprisonment, malicious prosecution and slander of title, where courts have found the award to be uniquely appropriate to the cause of action. See Bondy v. Royal Indemnity Co., 134 Fla. 776, 184 So. 241 (1938); Tidwell v. Witherspoon, 21 Fla. 359 (1885); Susman v. Schuyler, 328 So.2d 30 (Fla. 3d DCA 1976); Glusman v. Lieberman, 285 So.2d 29 (Fla. 4th DCA 1973); City of Miami Beach v. Bretagna, 190 So.2d 364 (Fla. 3d DCA 1966). There has been no showing in this case sufficient to support the award of attorney's fees. See Ellis v. Flink; Martin v. Paskow, 339 So.2d 266 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 951 (Fla. 1977).

VI.
By way of cross appeal against the sellers, the buyers contend that the trial court erred in granting, at the conclusion of their case, the sellers' motion for an involuntary dismissal as to the buyers' claim against them. The ruling was based on the grounds that the action was barred by the statute of frauds. There was no proof presented that the sellers granted the agent either actual or apparent authority to contract on the sellers' behalf or to agree to an unconditional conveyance. Construing all testimony and evidence in favor of the buyers, there remains insufficient proof from which a trier of fact could conclude that the sellers had conferred authority on anyone to enter into a contract on their behalf. Moritt v. Fine, 242 F.2d 128 (5th Cir.1957); Dwiggins v. Roth, 37 So.2d 702 (Fla. 1948).
Even though the buyers may have believed that the broker had authority to enter into a contract on the sellers' behalf, and even if Grove herself believed that she had such authority, a principal may be held liable only when the principal himself creates the agency, or the appearance of the agency, or otherwise acts in such a way as to create liability. See Spence, Payne, Masington & Grossman, P.A. v. Philip M. Gerson, P.A., 483 So.2d 775 (Fla. 3d DCA), rev. denied, 492 So.2d 1334 (Fla. 1986).
The buyers did not contend that the sellers had ratified the conduct of the agent, or that the sellers conducted themselves in such a way as might estop them from denying liability. In fact, there is no evidence that any authority was given to the agent by the sellers, that the sellers conducted themselves in any way so as to create the appearance of such authority, nor that the sellers were even aware of this agent's involvement until after the fact. See Ball v. Yates, 158 Fla. 521, 29 So.2d 729 (1946), cert. denied, 332 U.S. 774, 68 S.Ct. 66, 92 L.Ed. 359 (1947); United Parcel Service, Inc. v. Buchwald Jewelers, 476 So.2d 772 (Fla. 3d DCA 1985). Nor was *601 there proof that the sellers at any time had notice of the representations of the broker or the fact that the broker had not disclosed the contingency.
Therefore, we reverse the award of damages against Martha A. Gottfried, Inc. and Dorothy Grove, to the extent that it includes lost profits or loss of bargain compensation in favor of the buyers, Daniel and Lucille Amster. We remand and instruct the trial judge to enter a corrected final judgment in favor of the Amsters and against Gottfried and Grove in the sum of $5,100, plus pre-judgment interest on said sum, plus costs. In all other respects the judgment is affirmed.
Reversed in part, affirmed in part and remanded.
WALDEN, J., and WEBSTER, PETER D., Associate Judge, concur.